UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY DRENNING,

      CASE NO. 12-cv-13470

*Plaintiff*,

v.      DISTRICT JUDGE JULIAN ABELE COOK, JR.
      MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

*Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION SEEKING AN ATTORNEY FEE
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**
(Doc. 20)

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act be **DENIED**.

### II.   REPORT

#### A.   Introduction

Pursuant to an order of reference from United States District Judge Julian Abele Cook, Jr., under 28 U.S.C. § 636(b)(1)(B),[1] before the Court is Plaintiff's Motion Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412.

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A) because it is not a "pretrial matter" and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney David F. Chermol has represented Plaintiff Betty Drenning throughout the pendency of this case. Plaintiff's counsel filed the action in August 2012, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a Report and Recommendation. (Doc. 3.) Subsequent to the filing of the administrative transcript and Plaintiff's Motion for Summary Judgment, but prior to the issuance of a Report and Recommendation, the parties entered into an "Agreed Stipulation to Remand." (Doc. 17.) A judgment and order of remand under Sentence Four of 42 U.S.C. §405(g) issued six days later. (Docs. 18, 19.) The instant motion was filed 13 days later, on June 11, 2013. (Doc. 20.) The motion papers indicate that Plaintiff's counsel seeks a total of $5,518.00 in attorney fees. (Doc. 20 at 4.) This equates to 31.0 hours (*see* Declaration, Doc. 20 at 3, n.2) at an hourly rate of $178.00. The hourly rate is enhanced from that set forth in the EAJA by application of the Consumer Price Index. (Doc. 20 at 2.) The Defendant Commissioner filed a response in opposition to the motion. (Doc. 24.) Thereafter, counsel for Plaintiff filed a reply with seven exhibits. (Doc. 26.) The matter is therefore ready for Report and Recommendation.

**B.     EAJA Requirements**

An application for attorney fees under the EAJA, including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(A). In addition, a claimant must be an eligible party, i.e., one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a

denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012).

With regard to the first condition, the Supreme Court has held that a party who obtains a Sentence Four remand is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999).

    **C.**    **Analysis and Conclusions**

    **1.**    **Timeliness and Eligibility**

I conclude at the threshold that Plaintiff counsel's motion is timely filed and that the record contains no indication that Plaintiff is not a properly "eligible party" within the meaning of the EAJA.

### 2.     Prevailing Party

Since Plaintiff in this case obtained a Sentence Four remand, I suggest that under the case law cited above, Plaintiff is in fact a "prevailing party" and that this condition is met. *See Schaefer*, 509 U.S. at 301-02.

### 3.     Substantial Justification

#### a.     Arguments of the Parties

The parties vigorously contest whether the Commissioner's position in this case was "substantially justified" within the meaning of the EAJA, in a factual context unique to the experience of this judicial officer. Plaintiff's counsel argues that the Commissioner has "conceded legal error . . . and agreed to a voluntary remand." (Doc 20 at 1.) As a result, in Plaintiff's view, the Commissioner is effectively precluded from asserting substantial justification. (*Id.*) Plaintiff's counsel reiterates this argument in his reply and states that the case was "voluntarily remanded due to legal error committed by the ALJ." (Doc. 26 at 2 (emphasis in original omitted).) Plaintiff's counsel agrees that the ALJ found Plaintiff was not disabled at the first step of the sequential analysis, i.e. the "substantial gainful employment" (SGA) stage, and appears to agree that records supporting Plaintiff's position on this issue were not presented to the ALJ. Plaintiff's counsel concedes that the supportive records do not appear anywhere in the administrative record, although counsel maintains that the records were included in Plaintiff's submission to the Appeals Council. (Doc. 26 at 2, n 1.) Counsel also points to an approximate two-month period during which the ALJ did not rule on SGA. Counsel maintains that the ALJ "refused" to give counsel time to produce records, and goes on to assert that the ALJ had an "independent and affirmative duty" to develop the record himself. (Doc 26 at 3.)

4

In its response, the Commissioner points to the rather unique factual circumstances of this case. Early in the administrative hearing, the ALJ asked Plaintiff to explain over $22,000 of earnings said to have been received during the time she alleged she was disabled. (Doc. 11 at 26.) She was unable to do so. (Doc. 24 at 5.) The Commissioner notes that Plaintiff was represented by counsel at the hearing and "had ample time to obtain and to present records[,]" but failed to do so. (*Id.*) Agreeing with Plaintiff's counsel, the Commissioner points out that no supporting records appear anywhere in the administrative record, and the first time such records were seen was in the Commissioner's review of the exhibits attached to Plaintiff counsel's brief in support of summary judgment in this case. (*Id.* at 5-6; Doc. 14.) According to the Commissioner, after resolving redaction and legibility problems with the supporting documents, "the agency agreed that there were issues related to whether Plaintiff's earnings should be considered [SGA] and that such issues warranted remand for resolution." (*Id.* at 6-7.) The Commissioner maintains that the remand was agreed to not due to ALJ error, but "based on facts not presented to the ALJ." (*Id.* at 7.)

    **b.**    **Analysis and Conclusions**

The EAJA's "substantial justification" standard has been interpreted to mean that the government's "position" includes both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). Courts must be careful to maintain the distinction between a lack of substantial evidence, which results in a remand to the Commissioner, and a lack of substantial

5

justification, which results in an award of attorney's fees. *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008).

In *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Supreme Court took pains to define "substantial justification." The Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as "[existence of] a genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as non-authoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. REP. NO. 99-120, at 9 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 138).

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 1866, 158 L. Ed. 2d 674 (2004) (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially

justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988). However, the Commissioner's position can be substantially justified despite "deficiencies in the ALJ's analysis of the treating physician's opinion" where the evidence sheds sufficient doubt on the plaintiff's disability. *Ratliff*, 465 F. App'x at 460 (citing *Anderson v. Comm'r of Seoc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999)).

After review of the pleadings and administrative record, I first conclude that while it is rather rare for an application for SSA benefits to be denied at the first step, that fact does not render the ALJ's decision erroneous, particularly where, as here, all parties acknowledge that the supporting documents were not presented to the ALJ. Moreover, while at one point the ALJ did state, "Well, I won't hold the record open at this point[,]" and immediately thereafter stated, "if you submit something that would appear to resolve or explain that issue then it is likely under those circumstances that we would possibly hold another hearing." (Tr. at 32.) This statement, while less than totally clear, is, I suggest, consistent with the statutory requirements and the ALJ's responsibilities.

Moreover, contrary to Plaintiff's counsel's assertions, it is well settled that the "burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). "Only under special circumstances, when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures does the ALJ have a special duty to develop the record." *Rise v. Apfel, Comm'r of Soc. Sec.*, No. 99-6164, 2000 WL 1562846, at *2 (6th Cir. 2000) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)). Here, no special circumstances existed because Plaintiff was represented by an attorney at the administrative hearing. In addition, Plaintiff counsel's arguments overlook the fact that it is the *plaintiff* that bears the burden of proof in the first four steps of the Commissioner's disability analysis. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (cited with approval in *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007)).

Furthermore, I am unable to discern how the Commissioner's entry into a joint stipulation to give the SSA the opportunity to review evidence not previously supplied by the Plaintiff renders the Commissioner's position in this case "not substantially justified," since the stipulation contains no concessions on the part of the Commissioner.

### c.   Conclusion

For all these reasons, I suggest that Plaintiff's failure to provide supporting evidence and meet her burden at the first step of the disability analysis at the administrative hearing did not convert the Commissioner's later agreement to remand for consideration of the previously missing evidence into an action without "substantial justification." Accordingly, I suggest that the

Commissioner was in fact "substantially justified" within the meaning of the EAJA in the actions taken in this case, and I therefore suggest that the Plaintiff's motion for EAJA fees be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder
CHARLES E. BINDER
Dated: November 21, 2013                          United States Magistrate Judge

9

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Frederick Daley, Stuart Johnson and Andrew Lievense; and served on District Judge Cook in the traditional manner.

Date: November 21, 2013          By    *s/Jean L. Broucek*
                                         Case Manager to Magistrate Judge Binder