UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY DRENNING,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 12-13470
Honorable Julian Abele Cook, Jr.

## ORDER

In August 2012, the Plaintiff, Betty Drenning, filed this action seeking judicial review of a decision by the Commissioner denying her claim for benefits. Drenning filed a motion for summary judgment, but prior to disposition, the parties entered into a stipulation to remand the case to the administrative law judge under Sentence Four of 42 U.S.C. § 405(g). A judgment was subsequently entered for Drenning. On June 11, 2013, Drenning filed a motion in which her counsel seeks $6,372.40 in attorney fees, constituting 35.8 hours at an hourly rate of $178, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion was referred to Magistrate Judge Charles Binder for a report and recommendation. On November 21, 2013, the Magistrate Judge issued a report in which he recommended that the Court deny Drenning's request for attorney fees under the EAJA. Drenning has registered her objections to this report. Now pending before the Court are Drenning's (1) objections to the Magistrate Judge's report and (2) petition for attorney fees pursuant to 42 U.S.C. § 406(b).

I.

Under the EAJA, an application for attorney fees must be made by an eligible party within thirty (30) days of the final judgment in the action. Three additional conditions must be met in order to recover fees: (1) the claimant must be a prevailing party; (2) the Government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of an award. *Marshall v. Comm'r*, 444 F.3d 837, 840 (6th Cir. 2006).

The Supreme Court has held that a party who obtains a Sentence Four remand is a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). The relevant portion of the EAJA states as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Government's position includes both the United States' underlying action and its litigation position. *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The Government bears the burden of demonstrating that its position was substantially justified. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). "A position is substantially justified when it is 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, "a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Id.*

The Social Security Regulations mandate a five-step sequential procedure to be followed when evaluating a disability claim. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)

The first step is to determine whether the claimant is engaged in substantial gainful activity. *Id.* Substantial work activity is defined as involving significant physical or mental activities. 20 C.F.R. § 404.1572(a). Gainful work activity is defined as work that is usually done for pay or profit. 20 C.F.R. § 404.1572(b). If a claimant has earnings from employment that are above a certain level set by regulations, the presumption is that she has the ability to engage in substantial gainful activity. 20 C.F.R. §§ 404.1574, 404.1575. If an individual is engaging in substantial gainful activity, she is considered not disabled and the inquiry ends. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the inquiry proceeds to a determination of whether she has a qualifying impairment. 20 C.F.R. § 404.1520 (c), (d).

Here, the parties do not dispute that the earnings submitted by Drenning included an income level that is above the qualifying threshold. Thus, the administrative law judge correctly presumed that she engaged in substantial gainful activity.

However, the inquiry must not end there. Drenning testified that despite her earnings, she had not engaged in any work during this period. (Tr. 26). The Commissioner contends that Drenning "had not submitted any records suggesting the earnings came from non-substantial gainful activity." Def. Resp. Pet. Attorney Fees 5. This statement is not accurate. The record in fact did contain records supporting Drenning's statement that she had not engaged in qualifying activity. Multiple medical records stated that Drenning receives disability payments (Tr. 235, 264, 381, 388, 421). In addition, the state agency adjudicator stated that Drenning did not engage in any post-onset work activity. (Tr. 32). Drenning was represented by a company which represents recipients of long-term disability benefits. Finally, Drenning testified that her employer paid her disability benefits and vacation pay after she stopped working. (Tr. 25-26). Although Drenning had not yet provided

information from her employer which fully verified her claim that her income did not come from substantial gainful activity, the record contained enough evidence to support her testimony that the administrative law judge should have kept the record open long enough for her to submit the necessary supporting documentation. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010) ("[T]he ALJ has an inquisitorial duty to seek clarification on material facts."). Instead, the administrative law judge seemed to conclude at the outset that there was no evidence that Drenning could provide that would substantiate her claim. (Tr. 27).

The administrative process is inquisitorial, not adversarial. *Sims v. Apfel*, 530 U.S. 103, 111 (2000). Although Drenning was represented by an attorney, the administrative law judge has a duty to investigate the facts and develop the arguments both for and against granting benefits. *Id.*; *see also Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010). Given Drenning's testimony and the supporting evidence in the record, the administrative law judge should have kept the record open to let Drenning submit the necessary documentation. His decision to close the record was unreasonable. (Tr. 28). This Court cannot say that his later ambiguous statement that Drenning should get her documents in as quickly as she could operated to cure this deficiency. *Id.*

Drenning seeks attorney fees in the amount of $6,372.40. This figure was calculated using an hourly rate of $178 multiplied by a total of 35.8 hours. The Commissioner challenges these fees as unreasonable both because (1) the number of hours is excessive, and (2) Drenning has not provided sufficient justification for an increase in the hourly rate from $125.that

The EAJA states that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A)(ii). These fees are capped at a rate of $125 per hour unless inflation or a special factor warrants a higher rate. Drenning contends that

inflation and "the limited availability of qualified attorneys to litigate Social Security disability cases without a cost of living adjustment." Here, the Court agrees that the rate of inflation since 1996 and the associated increased costs of living are sufficient to justify a higher hourly rate. *See Greene v. Comm'r of Soc. Sec.*, No. 3:11 CV 1333, 2013 WL 617272, at *2 (N.D. Ohio Feb. 19, 2013). The requested rate of $178 falls within the CPI-adjusted maximum.

The Commissioner contends that the number of hours are excessive because this case was decided at step one and therefore no review of the underlying medical records was necessary. However, Drenning did not limit her motion for summary judgment to step one. In light of the issues raised and the depth of the discussion of the factual record in Drenning's motion, the Court does not find the requested number of hours to be unreasonable. In particular, the Commissioner quarrels with the number of hours spent (1) reviewing the record and (2) drafting a motion for summary judgment. The Court notes that Drenning's motion for summary judgment reflected her attorney's extensive investigation into the factual record, and more importantly, the motion was eminently successful, in that the Commissioner agreed to a remand without further proceedings in federal court. Moreover, although the case was ultimately decided at step one, Drenning was certainly entitled to investigate the entire record to pursue every legal argument available to her. Thus, although the case was decided at step one and Drenning's motion was relatively short, given the quality and success of the motion, the Court cannot say that the hours expended were unreasonable. The Court will grant Drenning's request for EAJA attorney fees in the amount of $6,372.40.

II.

Drenning's attorney has filed a second motion in which he seeks attorney fees in the amount of $24,772.98 pursuant to 42 U.S.C. § 406(b). On December 24, 2013, Drenning received a fully

5

favorable decision regarding her application for social security benefits. In the notice of award, the Social Security Administration noted that it was withholding an amount of $24,772.98, which represents 25% of the awarded amount.

Drenning, through her counsel, contends that a sum in the amount of $24,772.98 would be reasonable under the circumstances because of (1) the contingent nature of the legal representation, (2) the terms of the express contract with her attorney, which entitles him to twenty-five percent (25%) of any award of past-due benefits, and (3) the absence of any reasons why such an award from the overall past-due benefits would be unjust. Notably, the Commissioner has not objected to the requested fee award.

Section 206(b)(1) permits the Court to award a reasonable attorney fee - not to exceed twenty- five percent (25% ) of the amount of the past due benefits to which a claimant is entitled to receive by virtue of a judgment rendered in her favor. 42 U.S.C. § 406(b)(1). In 2002, the Supreme Court declared that § 206(b) "does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, courts are urged to review such fee arrangements for reasonableness. *Id.* In *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc), the Sixth Circuit "established a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec. of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990).

In this case, the Commissioner has not objected to the requested fee award, and there is

absolutely no evidence of improper conduct or ineffective representation. To the contrary, Drenning's attorney was able to achieve a sizable award for his client.

Next, the Court must determine whether the requested fee will constitute an undeserved windfall. As an initial matter, the Court notes that higher than normal hourly rates are not unusual in contingent fee cases. The Sixth Circuit has explained that

> [i]n assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under compensate in others. It is the nature of the beast.

*Royzer v. Sec. of Health & Human Srvs.*, 900 F.2d 981, 982 (6th Cir. 1990).  The *Hayes* court further elaborated that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2ed at 422. If the hypothetical hourly rate is greater than twice the standard rate for such work, "the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id.* In *Royzer*, however, the court stated that it was improper for a district court to reject a twenty-five percent fee arrangement solely because of the calculated hourly rate where the case did not involve "an 'inordinately large benefit award' or one in which 'minimal effort' was expended." *Id.*

Here, Drenning entered into a contract with her attorney which entitles her to twenty-five percent of any award of past-due benefits. The requested fee of $24,772.98 represents 25% of the award received by Drenning. Her attorneys have submitted an itemization of the hours spent on this case, which includes a total of 35.8 hours of work performed by attorneys. Although the resulting

7

hypothetical rate is $691, which is high, Drenning's attorney achieved an excellent result, and the Court cannot say that the case involved "minimal effort" or that the proposed contingent fee award will result in an undeserved windfall. *See, e.g.*, Castaneda *v. Comm'r of Soc. Sec.*, No. 2:10-CV-13724, 2013 WL 2285448, at *2 (E.D. Mich. May 23, 2013) (finding rate of approximately $600 per hour to be reasonable); *Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *6 (E.D. Mich. Aug. 15, 2011) (rate of $625 per hour). On the basis of the *Hayes* standard, the resulting hypothetical rate is permissible because it is not more than twice the standard hourly rate of comparable attorneys in Michigan. *See 2010 Economics of Law Practice in Michigan*, MICHIGAN BAR JOURNAL, Vol. 90, no. 2 (February 2011) (hourly rates of 75th percentile to 95th percentile of public benefits lawyers range from $250 to $500 per hour).

### III.

For the reasons that have been set forth above, the Report and Recommendation by Magistrate Judge Binder is hereby REJECTED and the Court (1) grants Drenning's request for EAJA attorney fees in the amount of $6,372.40 (ECF No. 20); and (2) grants the petition for attorney fees under 42 U.S.C. § 406(b) in the amount of $24,772.98 (ECF No. 33). Drenning's attorney is directed to refund to her the EAJA attorney fee award in the amount of $6,372.40.

IT IS SO ORDERED.

Date: September 21, 2014      s/Julian Abele Cook, Jr.
                              JULIAN ABELE COOK, JR.
                              U.S. District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their

respective email addresses or First Class U.S. mail to the non-ECF participants on September 21, 2014.

s/ Kay Doaks
Case Manager